## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SABRINA WILSON,                                    )
                                                   )
        Plaintiff,                                 )
                                                   )
vs.                                                )
                                                   )    Case No. 3:22-cv-1651-DWD
COOPERSURGICAL, INC., FEMCARE,                     )
LTD., U.K. Subsidiary of Utah Medical             )
Products, Inc., and UTAH MEDICAL                  )
PRODUCTS, INC.,                                    )
                                                   )
        Defendants.                                )

## <u>CASE MANAGEMENT ORDER</u>

**DUGAN, District Judge:**

Now pending before the Court are Defendants' Motions for Summary Judgment (Docs. 105, 106, 107), to which Plaintiff filed Responses in Opposition (Docs. 130, 131, 132) and Defendants filed Replies in Support (Docs. 136 & 137).[1] Also pending before the Court is Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses (Doc. 111), to which Defendants filed a Combined Response in Opposition (Doc. 120) and Plaintiff filed a Reply in Support (Doc. 135). Finally, the parties have filed various Motions to Exclude Opinions (Docs. 108, 109, 110, 112, 113), together with respective Responses in Opposition (Docs. 121, 122, 128, 129, 127), for the Court's consideration.

Upon initially reviewing the above filings of the parties, the Court finds it is necessary to address issues related to the familiar requirements of Federal Rule of Civil

---

[1]While Defendant CooperSurgical's filing is captioned as a Motion and Memorandum in Support of a Joinder in Defendants Femcare and UMP's Motions for Summary Judgment, it will be referred to as a Motion for Summary Judgment in this Memorandum & Order for simplicity. (Doc. 107).

Procedure 56, Local Rule 56.1, and the relevant case law. Under Rule 56, the Court will grant summary judgment if the movant shows there is no genuine dispute as to any material fact, such that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); *accord Driveline Sys., LLC v. Arctic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir. 2019) (quoting *Dunderdale v. United Airlines, Inc.*, 807 F.3d 849, 853 (7th Cir. 2015); citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Assertions that a fact cannot be or is genuinely disputed must be supported by citations to the materials contained in the record. Fed. R. Civ. P. 56(c)(1)(A). Alternatively, the assertions must be supported by a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

If the movant presents evidence to show the absence of a genuine dispute of material fact, then the burden shifts to the nonmovant to provide evidence of specific facts that create a genuine dispute of material fact. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citing *Hudson Ins. Co. v. City of Chicago Heights*, 48 F.3d 234, 237 (7th Cir. 1995)). A genuine dispute of material fact generally exists if there is sufficient evidence for the nonmovant to receive a verdict. *Driveline Systems*, 936 F.3d at 579 (quoting *Aregood v. Givaudan Flavors Corp.*, 904 F.3d 475, 482 (7th Cir. 2018), *reh'g denied* (Oct. 30, 2018)). Speculation, unsupported by the evidence, cannot defeat summary judgment. *Moje v. Fed. Hockey League, LLC*, 377 F. Supp. 3d 907, 920 (N.D. Ill. 2019) (citing *Sbika v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 721 (7th Cir. 2018); *Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir. 1994)).

When considering a motion for summary judgment, the Court will not determine credibility, weigh the evidence, or decide which inferences to draw from the facts, as

2

those tasks are reserved for the finder of fact. *Runkel v. City of Springfield*, 51 F.4th 736, 741 (7th Cir. 2022) (quoting *Johnson v. Advocate Health & Hospitals Corp.*, 892 F.3d 887, 893 (7th Cir. 2018)). Instead, based on the evidence, the Court will decide whether a genuine dispute of material fact requires a trial. *Id.* (quoting *Johnson*, 892 F.3d at 893). When doing so, the Court construes the evidence in a light most favorable to the nonmovant while avoiding the temptation of deciding one party's version of the facts is more likely true than the other party's version of the facts. *Id.* (quoting *Johnson*, 892 F.3d at 893).

To facilitate compliance with Rule 56, streamline the process for resolving motions for summary judgment, and reduce the burden of wading into the large evidentiary records associated with complex civil litigation, the Court adopted Local Rule 56.1 (eff. Oct. 30, 2023). Local Rule 56.1 accomplishes these goals, among others, by providing:

RULE 56.1 SUMMARY JUDGMENT
(*See* Fed. R. Civ. P. 56)

(a)    Briefs in support of a motion for summary judgment must contain a Statement of Material Facts which sets forth each relevant, material fact in a separately numbered paragraph. **A material fact is one that bears directly on a legal issue raised in the motion**. Each paragraph must contain specific citation(s) to the record, including page number(s).

(b)    Briefs in opposition to a motion for summary judgment must contain a Response to Statement of Material Facts. The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available.

(c)     An opposing party may provide a Statement of Additional
Material Facts in its opposition brief which sets forth any
additional material facts in separately numbered paragraphs.
The Statement of Additional Material Facts must contain
specific citation(s) to the record, including page number(s).

(d)     The moving party may file a Reply to Statement of Additional
Material Facts. The reply shall contain corresponding
paragraphs to the Statement of Additional Material Facts that
state whether the fact is: (1) admitted; (2) disputed; (3)
admitted in part and disputed in part (specifying which part
is admitted and which part is disputed); or (4) not supported
by the record citation. The disputed facts, or parts of facts,
shall contain specific citation(s) to the record, including page
number(s), upon which the moving party relies, where
available. The reply may contain additional argument
(limited to five pages), *see* SDIL-LR 7.1(a)(4), but should not
contain any rebuttal to the movant's initial Statement of
Material Facts.

(e)     Briefs in support of or in opposition to a Motion for Summary
Judgment shall not exceed 20 pages, exclusive of all
documents listed in SDIL-LR 7.1(a)(3) and any Statement of
Material Facts, Response to Statement of Material Facts,
Statement of Additional Material Facts, or Reply to Statement
of Additional Material Facts.

(f)     The Court will disregard any asserted fact that is not
supported with a citation to the record, unless the factual
basis for the assertion is clearly identifiable from the parties'
related citations or permissible inference.

(g)     All material facts set forth in a Statement of Material Facts or
a Statement of Additional Material Facts shall be deemed
admitted for purposes of summary judgment unless
specifically disputed.

(h)     The Court may strike any motion or response that does not
comply with this Local Rule.

(i)     The Court disfavors collateral motions—such as motions to
strike—in the summary judgment process. Any dispute over

the admissibility or effect of evidence must be raised through an objection within a party's brief.

(j)     This Local Rule applies equally to represented and *pro se* parties. Motions for summary judgment served on *pro se* parties must be accompanied by a certification that notice of the consequences for failing to respond to a motion for summary judgment has been served on the *pro se* party as required by *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

(k)     This Local Rule shall not apply to cases that involve the review of an administrative record including, but not limited to, cases brought pursuant to the Social Security Act or the Freedom of Information Act.

(L.R. 56.1 eff. Oct 30, 2023) (Emphasis in original.).

It is especially notable, too, that the parties were advised of the need to review and ensure compliance with Local Rule 56.1. That is, on September 3, 2024, the Court ruled:

ORDER regarding Defendant Femcare LTD's Motion for Leave to File an Overlength Motion for Summary Judgment and Motion to Exclude Opinions. (Doc. 103). In light of the 93-page Complaint and the 10 causes of action alleged by Plaintiff, the many issues to be raised on summary judgment, and the complexity of those issues and the facts of the case, Defendant Femcare LTD requests leave to file a Motion for Summary Judgment that is up to 30 pages in length. For similar reasons, Defendant Femcare LTD also seeks leave to file a Motion to Exclude Opinions that is up to 30 pages in length. Accordingly, for good cause shown therein, the Motion is **GRANTED**. *See* L.R. 7.1(a)(3) (eff. Oct. 30, 2023) ("[U]nless otherwise authorized by the Court, no brief shall be submitted which is longer than 20 double-spaced typewritten pages in 12-point font."). However, the parties are **REMINDED** that "[a]ll page limits stated in these Local Rules are exclusive of cover pages, tables of content, tables of authority, signature pages, certificates of service, exhibits, *and Statements of Material Facts, Responses to Statements of Material Facts, Statements of Additional Material Facts, or Replies to Statements of Additional Material Facts.*" *See id.* (citing L.R. 56.1(e) (eff. Oct. 30, 2023) (Emphasis added.)). Notwithstanding the Court's grant of the instant Motion, the parties are **ADVISED** of the need to review and ensure compliance with the Local Rules (eff. Oct. 30, 2023), including Local Rule 56.1, which operates to

streamline the Court's consideration of motions for summary judgment and could foreclose the need for excessive briefing.

(Doc. 104) (Emphasis in original.).

Despite the above Order, and the independent obligation of the parties to comply with all applicable Local Rules, Plaintiff filed her Motion for Summary Judgment on Defendants' Affirmative Defenses without a Statement of Material Facts. (Doc. 111). In that Motion for Summary Judgment, Plaintiff takes the position that she is entitled to summary judgment on certain of Defendants' affirmative defenses because they "have no legal basis under applicable regulatory, Illinois, or federal law," and "the record is devoid of facts necessary to establish the[ir] applicability." (Doc. 111, pg. 1).

For example, as to the Court's personal jurisdiction, which Defendants do not raise on summary judgment, Plaintiff argues, as to Defendant CooperSurgical, "[t]here is no evidence, and [it] cannot and will not present any evidence, that shows it is not subject to the jurisdiction of this Court." (Doc. 111, pg. 3). Further, as to the Court's personal jurisdiction over Defendants UMP and Femare, Plaintiff merely argues as follows:

> [T]his Court issued a Memorandum and Order…holding that Plaintiff…made a *prima facie* case of specific personal jurisdiction over Utah Medical and Femcare….While this decision was made 'when resolving all factual disputes in [Plaintiff's] favor' (pursuant to the proper motion to dismiss standard), there is no evidence that shows that the Court's determination was improper or based on inaccurate facts. [Citation]. And while Plaintiff anticipates Defendants will argue that Plaintiff's Motion should be denied, they will not be able to present any evidence that have been produced in discovery or otherwise that would warrant this Court to rule otherwise.

(Doc. 111, pgs. 3-4).

6

Similarly, as to venue, which, again, Defendants do not raise on summary judgment, Plaintiff states, "[l]ike the jurisdiction issue above, Defendants Femcare and Utah Medical have already challenged the venue of this Court in this litigation. [Citation]. The Court has already held that Plaintiff 'sufficiently shown venue is proper in the Southern District of Illinois.' " (Doc. 111, pg. 3). Plaintiff again suggests "Defendants cannot set forth any set of facts that would warrant the Court" to alter the findings from the motion to dismiss stage of the case. (Doc. 111, pg. 3).

As a final example, Plaintiff argues Defendants' affirmative defense related to the statute of limitations, which is not raised by Defendants in their Motions for Summary Judgment, were "fully briefed…in…previously-filed motions to dismiss," the Court "held that 'there is clearly a conceivable set of facts that defeats Defendants' affirmative defense of untimeliness,' " and "there has been no additional facts or evidence that warrant the Court to come to a different conclusion." (Doc. 111, pg. 5).

In their Response, Defendants argue, *inter alia*, Rule 56 and Local Rule 56.1 "strictly require that Plaintiff include a Statement of Material Facts with 'specific citation(s) to the record' to support her Motion." (Doc. 120, pg. 5). Defendants note Plaintiff failed to do so, stating her "only citation to any record evidence is to a single interrogatory response." (Doc. 120, pg. 5). Due to that "unjustified and prejudicial" failure, Defendants argue they must address arguments, without the opportunity to refute specific facts of record, at a time when Plaintiff can no longer rely on the allegations in the Complaint or the lenient Rule 12(b)(6) standard. (Doc. 120, pgs. 5-8). Defendants also suggest the Court is now burdened with the task of determining whether there is factual support for Plaintiff's

conclusory assertions in the record. (Doc. 120, pg. 5). Defendants seek to strike Plaintiff's Motion for Summary Judgment on their Affirmative Defenses. (Doc. 120, pg. 5). Alternatively, they seek a denial of that Motion on the merits. (Doc. 120, pgs. 6-14).

In her Reply, Plaintiff states, "[w]hile it is true that [her] Motion does not include a specific 'Statement of Material Facts' section, the reason for this is obvious upon review of Plaintiff's Motion, which states in the introductory section: '[T]he record is devoid of facts necessary to establish the applicability of many []Affirmative Defenses.' " (Doc. 135, pgs. 1-2) (Emphasis in original omitted.). Plaintiff emphasizes her belief that, " '[a]t trial, the defendant asserting an affirmative defense has the burden of persuasion.' " (Doc. 135, pg. 2) (quoting *Cargill Meat Sols. Corp. v. Freezer Refrigerated Storage, Inc.*, No. 12-cv-725, 2013 WL 4854419, *3 (S.D. Ill. Sept. 11, 2013)). And, if the summary judgment movant does not bear the burden of proof at trial, then Plaintiff argues the movant may prevail on summary judgment by merely showing there is an absence of evidence to support an essential element of the nonmovant's case. (Doc. 135, pg. 2) (quoting *Cargill Meat Sols. Corp.*, 2013 WL 4854419, *3). Further, Plaintiff reiterates that she challenges certain affirmative defenses because they were "already ruled upon (*e.g.* jurisdiction, venue, preemption, statute of limitations)," "they are not proper affirmative defenses (*e.g.* any affirmative defenses that states that Plaintiff cannot establish a cause of action)," and they are "legally unsound (*e.g.* prejudgment interest and punitive damages)." (Doc. 135, pgs. 2-3). For other challenged affirmative defenses, *e.g.*, those related to the failure to state a claim, the failure to mitigate damages, and state of the art scientific and technical knowledge, Plaintiff argues Defendants provide boilerplate language with no factual

support. (Doc. 135, pg. 3). Again, Plaintiff asserts that no facts are necessary to set forth a challenge to these affirmative defenses. (Doc. 135, pgs. 3-4). Plaintiff clarifies, though, that the omission of a Statement of Material Facts was not intended to disregard Local Rule 56.1, and she does not believe it prejudiced Defendants. (Doc. 135, pg. 3). If the Court disagrees, however, Plaintiff regrets the error and requests leave to amend her Motion for Summary Judgment on Defendants' Affirmative Defenses. (Doc. 135, pgs. 3-4).

Now, at the outset, the Court notes it has broad discretion to enforce strict compliance with the Local Rules governing motions for summary judgment, including the power to strike improper submissions under Local Rule 56.1(h). *Phoenix Ins. Co. v. Ackercamps.com LLC*, No. 23-cv-3303, 2024 WL 4870513, *1 (S.D. Ill. Nov. 22, 2024) (citing *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Petty v. City of Chicago*, 754 F. 3d 416, 420 (7th Cir. 2014)); *accord Ross v. UChicago Argonne, LLC*, No. 18-cv-4200, 2023 WL 2745678, *2 (N.D. Ill. March 31, 2023). This is because Local Rule 56.1, like the similar local rule in the Northern District of Illinois, is "clear and unequivocal—compliance…is a critical, and mandatory, component of summary judgment motion practice. 'The purpose of the local rule is to make the summary judgment process less burdensome on district courts, by requiring the parties to nail down the relevant facts and the way they propose to support them.' " *Abdel–Ghaffar v. Illinois Tool Works, Inc.*, No. 12-cv-5812, 2015 WL 5025461, *6 (N.D. Ill. Aug. 24, 2015), as amended (Sept. 30, 2015), *aff'd*, 706 F. App'x 871 (7th Cir. 2017) (quoting *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012)); *accord Ross*, 2023 WL 2745678 at *2; *see also Hinterberger v. City of Indianapolis*, 966 F.3d 523, 525 (7th Cir. 2020) ("Courts expect parties to know and follow

9

local rules of practice. Failing to do so can prove fatal."); *Hoosier v. Greenwood Hosp. Mgmt. LLC,* 32 F. Supp. 3d 966, 971 (N.D. Ill. 2014) ("A party's obligation to support its facts with evidence is mandatory, and the Seventh Circuit repeatedly has held that a district court is within its discretion to enforce strict compliance with the requirements of Local Rule 56.1."). Therefore, in short, Local Rule 56.1 "is intended 'to aid the district court, " 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." ' " *Phoenix Ins. Co.*, 2024 WL 4870513 at *1 (quoting *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011)). The Northern District of Illinois has further explained the reasoning behind Local Rule 56.1 by stating:

> It is not the role of the court to parse the parties' statements of facts and exhibits to construct the undisputed facts. Judges are not "like pigs, hunting for truffles buried in briefs." [Citation]. "Nor are they archaeologists searching for treasure." [Citation]. It simply is not the court's job to sift through the record to determine whether there is sufficient evidence to support a party's claim. [Citation]. Rather, it is "[a]n advocate's job…to make it easy for the court to rule in his client's favor…." [Citations].

*Abdel–Ghaffar*, 2015 WL 5025461 at *6 (quoting *U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991); *Jeralds ex rel. Jeralds v. Astrue,* 754 F. Supp. 2d 984, 985 (N.D. Ill. 2010); *Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613 (7th Cir. 2006); citing *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006); *Hamm v. Nestle USA, Inc.,* No. 12-cv-2427, 2013 WL 4401328, *2 (N.D.Ill. Aug. 15, 2013)); *accord Ross*, 2023 WL 2745678 at *3; *Hoosier*, 32 F. Supp. 3d at 971.

Here, despite the Court's prior advisement, Plaintiff did not comply with Local Rule 56.1(a). That noncompliance prevented further compliance with Local Rule 56.1 by Defendants and deprived the Court of a comprehensive record on which to resolve

Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses. *See* L.R. 56.1. And, to be sure, it is the failure to file a Statement of Material Facts that prompted this Case Management Order. In light of Rule 56 and Local Rule 56.1, though, the Court notes the unusual nature of Plaintiff's suggestion that she can prevail on summary judgment by relying on the pleadings, the ruling on the Motions to Dismiss, and the blanket assertion that the record lacks evidence to support the affirmative defenses.

Notably, the present circumstances are similar to those encountered in other Seventh Circuit cases. *See*, *e.g.*, *Baldonado v. Wyeth*, No. 4-cv-4312, 2012 WL 729228, *2-5 (N.D. Ill. March 6, 2012) (denying the plaintiff's motion for summary judgment on certain affirmative defenses because her "woefully inadequate" statement of material facts failed to comply with the Northern District of Illinois' Local Rule 56.1 and she otherwise failed to meet her burden on summary judgment, where the motion "contain[ed] eleven one-sentence paragraphs...cit[ing] [almost] exclusively to the complaint," citations to a complaint usually do little, if anything, to show the absence of a genuine dispute of material fact, the plaintiff neither cited nor referred to any facts outside of the pleadings despite numerous factual issues, the plaintiff offered only "undeveloped" or "cursory" arguments in support of her motion, and the plaintiff merely relied upon the assertion "that '[t]here [wa]s no evidence in th[e] case" to support the defendant's affirmative defenses without citing to or discussing the record and the legal authorities); *Petroff Trucking Co., Inc. v. Envirocon, Inc.*, No. 5-cv-414, 2006 WL 2938666, *2-3 (S.D. Ill. Oct. 13, 2006) (denying the plaintiff's motion for summary judgment on certain affirmative defenses where that motion "refer[red] to no facts outside the pleadings" in relation to

11

two affirmative defenses, was untimely when considered as a motion to strike those two affirmative defenses under Federal Rule of Civil Procedure 12(f), and failed to adequately argue why the only document supporting another affirmative dense was inadmissible); *Rankins v. Sys. Sols. of Kentucky*, No. 19-cv-3775, 2021 WL 5415148, *1-2 (N.D. Ill. Nov. 19, 2021) (denying the plaintiff's motion for summary judgment as to the defendants' failure to mitigate affirmative defense because he "failed to meet his initial burden on summary judgment," where the court was "given extremely limited evidence on the extent of plaintiff's injuries and information that would be relevant for a failure to mitigate claim," "both parties…left the Court to sift through the three full binders of exhibits without much guidance," "[t]he burden first lies with the movant and shifts to the defendant only after the movant has presented a properly supported summary judgment motion," the plaintiff failed to cite to the record or point to any specific evidence, and the plaintiff made only limited "factual" statements that were actually unsupported by the record); *Forrest Fin. Corp. v. Chopra Int'l, Inc.*, No. 97-cv-5957, 1998 WL 703852, *3 (N.D. Ill. Sept. 24, 1998) (finding the defendants' submission of a memorandum and affidavit in support of summary judgment, without a statement of undisputed facts, "f[ell] short of the requirements [of the local rules] and justifie[d] the denial" of summary judgment).

Based on the plain language of Local Rule 56.1 and the above authorities, and without expressing any view on the merits of the parties' respective Motions for Summary Judgment, the Court finds it must demand compliance with that Local Rule 56.1 by Plaintiff. Therefore, while the Court declines to strike Plaintiff's Motion for Summary Judgment on Defendants' Affirmative Defenses, it **ORDERS** as follows:

12

(1) On or before December 18, 2024, Plaintiff is **DIRECTED** to file "a Statement of Material Facts which sets forth each relevant, material fact in a separately numbered paragraph. **A material fact is one that bears directly on a legal issue raised in the motion**. Each paragraph must contain specific citation(s) to the record, including page number(s)." L.R. 56.1(a) (Emphasis in original.).

(2) On or before January 14, 2025, Defendants are **DIRECTED** to file "a Response to [the] Statement of Material Facts. The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available." L.R. 56.1(b).

(3) On or before January 14, 2025, Defendants, if they deem appropriate, **MAY FILE** "a Statement of Additional Material Facts…which sets forth any additional material facts in separately numbered paragraphs. The Statement of Additional Material Facts must contain specific citation(s) to the record, including page number(s)." L.R. 56.1(c).

(4) On or before February 6, 2025, Plaintiff, if she deems appropriate, **MAY FILE** "a Reply to [the] Statement of Additional Material Facts. The reply shall contain corresponding paragraphs to the Statement of Additional Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and

13

disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the moving party relies, where available. The reply may contain additional argument (limited to five pages), *see* SDIL-LR 7.1(a)(4), but should not contain any rebuttal to the movant's initial Statement of Material Facts." L.R. 56.1(d).

By virtue of this ruling, the Final Pretrial Conference and Jury Trial, set for January 16 and 27, 2025, respectively, are **VACATED**. The Final Pretrial Conference and Jury Trial are **RESET** for July 2, 2025, at 10:00 a.m., and July 14, 2025, at 9:00 a.m., respectively.

**SO ORDERED.**

Dated: November 26, 2024

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge